WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Marlin Crook,<br><br>            Plaintiff,<br>v.<br><br>Charles L Ryan, et al.,<br><br>            Defendants. | No. CV-15-02610-PHX-JAT (ESW)<br><br>**ORDER** |

On April 11, 2016, Plaintiff Jason Marlin Crook, who is confined in the Arizona State Prison Complex-Lewis, filed a pro se First Amended Complaint (Doc. 23) pursuant to 42 U.S.C. § 1983. The Court screened the First Amended Complaint pursuant to 28 U.S.C. § 1915A(a) and ordered all Defendants to answer (Doc. 28 at 5).

Pending before the Court are several motions which the Court will rule upon as set forth below.

## I. DISCUSSION

**A. Motion for Appointment of Counsel (Doc. 29)**

Plaintiff requests that the Court appoint him counsel because (i) he is unable to afford an attorney; (ii) imprisonment limits his ability to research and investigate issues in his case; (iii) conflicting testimony of the witnesses is better handled by counsel; (iv) his efforts to obtain counsel have been unsuccessful; and (v) he suffers from mental health conditions that inhibit his ability to perform needed tasks. Plaintiff asserts that the law and justice support the appointment of counsel in his case.

There is no constitutional right to the appointment of counsel in a civil case. *See*

*Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991); *Ivey v. Bd of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (quoting *Agyeman v. Coors. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "Neither of these considerations is dispositive and instead must be viewed together." *Palmer*, 560 F3.d at 970 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff has not shown that he is experiencing difficulty in litigating this case because of the complexity of the issues involved. Plaintiff's filings with the Court indicate that Petitioner understands the issues and is capable of presenting his arguments to the Court. *See Wilborn*, 789 F.2d at 1331 ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."). In addition, Plaintiff has not shown a likelihood of success on the merits. Plaintiff is in no different position than many pro se prisoner litigants. Because Plaintiff has not shown that exceptional circumstances are present that would require the appointment of counsel in this case, Plaintiff's Motion (Doc. 29) will be denied.

**B. Plaintiff's "Motion for Leave to Add Supplemental Pleading" (Doc. 30); "Motion to Withdraw Plaintiff's Motion to Supplement Pleading previously filed on August 15, 2016" (Doc. 32); and "Motion for Leave to Amend Plaintiff's Complaint to Add New Defendants and Counts" (Doc. 33)**

On August 15, 2016, Plaintiff filed a "Motion for Leave to add Supplemental Pleading" (Doc. 30), which Plaintiff has moved to withdraw (Doc. 32). The Court will grant Plaintiff's Motion to Withdraw (Doc. 32).

- 2 -

On September 16, 2016, Plaintiff filed a "Motion for Leave to Amend Plaintiff's Complaint to Add New Defendants and Counts" (Doc. 33). Plaintiff seeks leave to amend his First Amended Complaint to add new defendants and claims pursuant to Rule 15 (a)(2), Fed. R. Civ. P. However, Local Rule 15.1(a) provides that:

> A party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, **which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added**. The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits.

LRCiv 15.1(a) (emphasis added).

"A district court has discretion to adopt local rules . . . . Those rules have 'the force of law.'" *Hollingsworth v. Perry*, 558 U.S. 183 (2010) (citation omitted). Hence, both the parties and the Court are bound by the local rules. LRCiv. 83.3(c)(1) ("Anyone appearing before the court is bound by these Local Rules."); *Professional Programs Group v. Department of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994). A district court's departure from its local rules is justified only if the effect is "so slight and unimportant that the sensible treatment is to overlook [it]." *Id*. (internal quotation marks and citation omitted).

Here, Plaintiff has violated LRCiv 15.1 by failing to submit a copy of the proposed Second Amended Complaint that indicates in what respect it differs from the First Amended Complaint (Doc. 23) (i.e. by bracketing or striking through the text to be deleted and underlining the text to be added). The Court will deny Plaintiff's Motion (Doc. 33) without prejudice. Should Plaintiff file a new motion to amend his First Amended Complaint, Plaintiff shall comply with the Federal and Local Rules of Civil Procedure.

## II. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** denying Plaintiff's "Motion for Appointment of Counsel" (Doc. 29).

**IT IS FURTHER ORDERED** granting Plaintiff's "Motion to Withdraw Plaintiff's Motion to Supplement Pleading previously filed on August 15, 2016." (Doc. 32). The Clerk of Court is directed to withdraw Plaintiff's "Motion for Leave to Add Supplemental Pleading" (Doc. 30).

**IT IS FURTHER ORDERED** denying without prejudice Plaintiff's "Motion for Leave to Amend Plaintiff's Complaint to Add New Defendants and Counts" (Doc. 33).

Dated this 21st day of September, 2016.

_____
Eileen S. Willett
United States Magistrate Judge