WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Marlin Crook,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　Defendants. | No. CV-15-02610-PHX-JAT (ESW)<br><br>**ORDER** |

This is a civil rights action filed pro se by state prisoner Jason Marlin Crook ("Plaintiff") pursuant to 42 U.S.C. § 1983. The following discussion sets forth the Court's rulings on a number of pending motions.

## I.  DISCUSSION

**A. Defendants' "Motion to Compel Expert Affidavit Pursuant to A.R.S. § 12-2603(D) and Motion to Stay Proceedings Pursuant to A.R.S. § 12-2603(E)" (Doc. 65)**

In their January 12, 2017 Motion (Doc. 65), Defendants assert that ARIZ. REV. STAT. § 12-2603 applies to Plaintiff's Eighth Amendment medical care claim brought pursuant to 42 U.S.C. § 1983.

ARIZ. REV. STAT. § 12-2603(A) provides that "[i]f a claim against a health care professional is asserted in a civil action, the claimant . . . shall certify in a written statement that is filed and served with the claim . . . whether or not expert opinion

testimony is necessary to prove the health care professional's standard of care or liability for the claim." The statute defines the term "claim" as follows:

> Claim means a legal cause of action against a health care professional under [ARIZ. REV. STAT.] §§ 12-561 through 12-563 or under [ARIZ. REV. STAT. 46-451 et seq.] or an affirmative defense or designation of a nonparty at fault to which all of the following apply:
> 
> (a) The claim is asserted against a health care professional in a complaint, answer, cross-claim, counterclaim, third party complaint or designation of a nonparty at fault.
> (b) The claim is based on the health care professional's alleged breach of contract, negligence, misconduct, errors or omissions in rendering professional services.
> (c) Expert testimony is necessary to prove the health care professional's standard of care or liability for the claim.

ARIZ. REV. STAT. § 12-2603(H)(1).

Under ARIZ. REV. STAT. § 12-2603(D), if the claimant certifies that expert testimony is not required for the claim and the health care professional disputes that certification in good faith, the health care professional may move the court for an order requiring the claimant to obtain and serve a preliminary expert opinion affidavit.

Plaintiff did not file and serve on Defendants a certification under ARIZ. REV. STAT. § 12-2603(A) when Plaintiff initiated this action. Defendants have construed Plaintiff's omission as an assertion that expert testimony is not required. (Doc. 65 at 5). Defendants seek an order under ARIZ. REV. STAT. § 12-2603(D) compelling Plaintiff to file an expert opinion affidavit.[1] (Doc. 65).

---

[1] In their "Reply in Support of Motion to Compel Expert Affidavit Pursuant to A.R.S. § 12-2603" (Doc. 74), Defendants argue for the first time that the case should be dismissed for Plaintiff's failure to comply with ARIZ. REV. STAT. § 12-2603. To the extent Defendants seek to convert the Motion to Compel (Doc. 65) to a Motion to Dismiss, the request is denied as it is improper to raise arguments for the first time in a reply brief. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *Matsumaru v. Sato*, 521 F.Supp.2d 1013, 1014 n.1 (D. Ariz. 2007) ("In his Reply Brief, Sato set forth a basis for awarding attorneys' fees, A.R.S. § 12–341.01(A), that was not raised in his Motion for Attorneys' Fees or accompanying memorandum. Arguments raised for the

1  Contrary to Defendants' contention, "[f]or purposes of a federal civil
2 rights claim under 42 U.S.C. § 1983, the Arizona legislature may not impose additional
3 procedural requirements on litigants." *Stewart v. Central Arizona Correctional Facility*,
4 No. CV 09-0674-PHX-MHM (ECV), 2010 WL 1814671, at *3 (D. Ariz. May 5, 2010)
5 (denying motion to dismiss pro se prisoner's Section 1983 action for failure to comply
6 with ARIZ. REV. STAT. § 12-2603); *see also Felder v. Casey*, 487 U.S. 131 (1988)
7 (holding that state notice of claim statute does not apply to Section 1983 claims brought
8 in either federal or state court); *Sethy v. Alameda County Water Dist.*, 545 F.2d 1157,
9 1162 (9th Cir. 1976) ("[A] plaintiff seeking in federal court to vindicate a federally
10 created right cannot be made to jump through the procedural hoops for tort-type
11 cases that may have commended themselves to the legislative assemblies of the
12 several states."); *Ney v. California*, 439 F.2d 1285, 1287 (9th Cir. 1971) (holding that
13 the California Tort Claims Act does not apply to a prisoner's claims under the Civil
14 Rights Act); *Willis v. Reddin*, 418 F.2d 702, 704–05 (9th Cir. 1969) ("California may
15 not impair federally created rights or impose conditions upon them."); *Endsley v. Luna*,
16 750 F.Supp.2d 1074, 1108 (C.D. Cal. 2010) ("Although state law does not apply to
17 Plaintiff's *federal* claims-that is, his claims brought under 42 U.S.C. § 1983–state law,
18 including 'state-imposed procedural conditions to sue,' applies to his state tort claims.")
19 (emphasis in original).

20  In support of their Motion to Compel (Doc. 65), Defendants cite *Amor v. Arizona*,
21 No. CV–06–499–TUC–CKJ, 2010 WL 960379 (D. Ariz. Mar. 15, 2010). However, the
22 Court in *Amor* held that ARIZ. REV. STAT. § 12-2603(A) applied to **state law claims** over
23 which the Court had exercised supplemental jurisdiction. *See Amor*, 2010 WL 960379, at
24 *3, 5-10 (holding that "Amor cannot maintain a § 1983 cause of action against Defendant
25 Goodsite" and deciding Defendant Goodsite's motion for preliminary expert affidavit
26 pursuant to ARIZ. REV. STAT. § 12-2603 with respect to state law claims against

---

28 first time in a reply brief are improper, and the Court will not consider awarding attorneys' fees under Section 341.01(A).") (citation omitted).

- 3 -

Defendant Goodsite).[2] Defendants' reliance on *Mann v. United States*, No. CV 13–1224–TUC–CKJ, 2014 WL 4230810 (D. Ariz. Aug. 27, 2014) is also misplaced. The complaint in *Mann*, which was brought in federal court under the Federal Tort Claims Act and as a diversity of citizen action, contained only state law malpractice and negligence claims. *Id.* at *1-2.

For the above reasons, the Court finds that ARIZ. REV. STAT. § 12-2603 does not apply to Plaintiff's Eighth Amendment claim brought pursuant to 42 U.S.C. § 1983. Defendants' "Motion to Compel Expert Affidavit Pursuant to A.R.S. § 12-2603(D)" (Doc. 65) will be denied. Defendants' "Motion to Stay Proceedings Pursuant to A.R.S. § 12-2603(E)" (Doc. 65) will be denied as moot.[3]

### B. Plaintiff's "Motion for Leave to File Second Amended Complaint" (Doc. 36) and "Motion for Leave to File Third Amended Complaint" (Doc. 62)

On October 6, 2016, Plaintiff timely filed a "Motion for Leave to File a Second Amended Complaint" (Doc. 36). Attached to the Motion (Doc. 36) is a proposed Second Amended Complaint (Doc. 36-1). The proposed Second Amended Complaint complies with LRCiv 15.1 as it indicates in what respect it differs from the First Amended Complaint (Doc. 23). Defendants have not responded to Plaintiff's "Motion for Leave to File a Second Amended Complaint" (Doc. 36). *See* LRCiv 7.2(i).

Federal Rule of Civil Procedure 15(a) provides that "leave [to amend a pleading] shall be freely given when justice so requires." "The power to grant leave to amend . . . is entrusted to the discretion of the district court, which 'determines the propriety of a

---

[2] A review of the docket in *Amor* further clarifies that only state law claims were involved with respect to the request for an order compelling an expert opinion affidavit pursuant to ARIZ. REV. STAT. § 12-2603. In the Court's February 27, 2009 Order screening Amor's Third Amended Complaint, the Court dismissed the Section 1983 claims against Defendant Goodsite and allowed three state claims (medical malpractice, false reporting, and breach of fiduciary care) to proceed against Defendant Goodsite. *Amor*, No. CV–06–499–TUC–CKJ, Doc. 143 at 5, 39-40. In Defendant Goodsite's Motion to Require Preliminary Expert Affidavit Pursuant to A.R.S. § 12-2603(D), Defendant Goodsite requested "an Order requiring Plaintiff to obtain and serve a preliminary expert opinion affidavit in support of her **claims of medical malpractice, malicious reporting and breach of fiduciary duty** against Dr. Goodsite." *Id.*, Doc. 167 at 2.

[3] The parties are reminded that the Court's Scheduling Order prohibits the filing of a document that contains more than one motion. (Doc. 40 at 4).

motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Serra v. Lappin*, 600 F. 3d 1191, 1200 (9th Cir. 2010) (quoting *William O. Gilley Enters. v. Atl. Richfield Co.*, 588 F.3d 659, 669 n.8 (9th Cir. 2009)). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

The Court will grant Plaintiff's unopposed "Motion for Leave to File a Second Amended Complaint" (Doc. 36). The Court will direct the Clerk of Court to file the proposed Second Amended Complaint (Doc. 36-1) attached to Plaintiff's Motion.

On December 27, 2016, Plaintiff filed a "Motion for Leave to File Third Amended Complaint" (Doc. 62). Attached to the Motion (Doc. 62) is a proposed Third Amended Complaint (Doc. 62-1), which indicates in what respect it differs from the First Amended Complaint. Defendants have not responded to Plaintiff's "Motion for Leave to File Third Amended Complaint" (Doc. 62). *See* LRCiv 7.2(i). Although Plaintiff moved for leave to file the Third Amended Complaint after the December 16, 2016 deadline set forth in the Court's Scheduling Order (Doc. 40 at 4), the Court finds that Plaintiff has shown good cause for the brief delay.[4] In addition, the Court does not find evidence of bad faith, prejudice to Defendants, or futility with respect to Plaintiff's Motion (Doc. 62). The Court will grant Plaintiff's unopposed "Motion for Leave to File Third Amended Complaint" (Doc. 62) and will direct the Clerk of Court to file the proposed Third Amended Complaint (Doc. 62-1). In accordance with its continuing obligation to screen civil rights complaints brought by prisoners, the Court will screen the Third Amended Complaint. 28 U.S.C. § 1915A(a).

---

[4] Plaintiff states that he was unable to timely file the Third Amended Complaint because he was awaiting "the Grievance Appeal responses" in order to exhaust his administrative remedies as to a new defendant. (Doc. 62 at 1-2). Plaintiff states he received the responses on December 22, 2016. (*Id.* at 2).

### C. Screening the Third Amended Complaint

In the First Amended Complaint (Doc. 23), Plaintiff named one "Jane Doe" Defendant and two "John Doe" Defendants. In its August 3, 2016 Order, the Court granted Plaintiff's request to substitute the fictitious moniker "Jane Doe" with the actual name "Donna James." (Doc. 28 at 1, 5). As to the two "John Doe" Defendants, the Court explained that "the use of anonymous type appellations to identify defendants is not favored." (*Id.* at 3). The Court dismissed without prejudice the "John Doe" Defendants and stated that "[i]f Plaintiff discovers the true identity of these fictitious parties through the discovery process, or otherwise, he may seek leave of the Court to amend his complaint to name the individuals in place of the fictitious monikers." (*Id.*). The Court found that the First Amended Complaint sufficiently alleged an Eighth Amendment medical care claim in Count One, and a First Amendment retaliation claim in Count Two. (*Id.*). The Court required all Defendants except the two dismissed "John Doe" Defendants to answer the First Amended Complaint. (*Id.* at 5).

The lodged Third Amended Complaint (Doc. 62-1) (i) replaces the fictitious moniker "Jane Doe" with "Donna James"; (ii) replaces the fictitious moniker "Dr. John Doe #1" with the name "Angela Nze"; (iii) replaces the fictitious moniker "John Doe #2" with the name "Ronnie Cato"; (iv) adds allegations in Count One against Defendants Nze and Cato; (v) adds Count Three, which alleges a First Amendment retaliation claim against Katrina Johnson, who is added as a ninth Defendant; (v) corrects a date in Count One; (vi) adds the last name of a witness in the Supporting Facts section in Count Two; and (vii) adds case law to the "Memorandum of Law" following Counts One, Two, and Three.

In reviewing Plaintiff's Third Amended Complaint, the Court must accept as true all well-pled factual allegations and draw all reasonable inferences therefrom. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296-98 (9th Cir. 1998). A claim for relief must be plausible on its face to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 679. The following discusses the legal standards pertaining to Eighth Amendment medical claims and First Amendment retaliation claims, which are raised in the Third Amended Complaint.

### 1. Legal Standards
#### i. Eighth Amendment Medical Claims

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth Amendment. To state a Section 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Jett*, 439 F.3d at 1096 (quotations omitted).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of acts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Id.*; *Estelle*, 429 U.S. at 104-05.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor

gross negligence will constitute deliberate indifference." *Clement v. California Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F. 2d 458, 460 (9th Cir. 1980) (mere claims of indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

### ii. First Amendment Retaliation Claims

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2013). To state a constitutional claim for retaliation, a plaintiff must allege that a defendant acting under color of state law took adverse action against him because he engaged in protected conduct, the adverse action was not narrowly tailored to advance legitimate goals, and the adverse action chilled the plaintiff's exercise of his First Amendment rights or caused him to suffer more than minimal harm. *Rhodes v. Robinson*, 408 F.3d 559, 567-58 (9th Cir. 2005); *see also Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims require an inmate must show (i) that the prison official acted in retaliation for the exercise of a constitutionally-protected right, and (ii) that the action "advanced no legitimate penological interest").

## 2. All Defendants will be Required to Answer the Third Amended Complaint

### i. Count One

Count One of the Third Amended Complaint names as additional Defendants Angela Nze and Ronnie Cato, who are nurses. Plaintiff alleges that Defendants Nze and Cato refused to administer Plaintiff's prescribed medications and allowed Plaintiff to suffer symptoms that were caused by the failure to receive the medications. (Doc. 62-1 at

10-11, 14). Plaintiff also alleges that Defendants Nze and Cato refused to administer Plaintiff's medication in retaliation for the grievances and lawsuit that Plaintiff filed. (*Id.*). Liberally construed, the Court finds that Count One adequately states an Eighth Amendment medical claim and a First Amendment retaliation claim against Defendants Nze and Cato. Defendants will be required to answer the Third Amended Complaint for the reasons explained in the Court's August 3, 2016 Order (Doc. 28 at 3-4).

### ii. Count Two

Plaintiff has not amended Count Two of the First Amended Complaint. The Court will order Defendants to answer Count Two of the Third Amended Complaint for the reasons explained in the Court's August 3, 2016 Order (*Id.*).

### iii. Count Three

Count Three of the Third Amended Complaint raises a First Amendment retaliation claim against Defendant Johnson, who is the Family Health Administrator at the prison complex in which Plaintiff is incarcerated. (Doc. 62-1 at 17). Plaintiff states that Defendant Johnson is the medical grievance coordinator and is responsible for investigating and resolving inmate grievances. (*Id.*). Plaintiff alleges that Defendant Johnson is intentionally not responding to Plaintiff's grievances, has refused to retrieve information from Plaintiff's medical file, and has refused to provide Plaintiff with requested information that Plaintiff needs to address his medical concerns. (*Id.* at 17-18). According to Plaintiff, Defendant Johnson "specifically stated she would not provide information to [Plaintiff] because of [Plaintiff's] lawsuit." (*Id.* at 18). Plaintiff asserts that Defendant Johnson has hindered his abilities to seek redress of grievances and has "severely" hindered his ability to effectively litigate his lawsuit. (*Id.*).

Liberally construed, the Court finds that Count Three adequately states a First Amendment retaliation claim against Defendant Johnson.

### D. Plaintiff's "Motion to Extend the Discovery Deadline" (Doc. 70)

In his "Motion to Extend the Discovery Deadline" (Doc. 70), Plaintiff requests a thirty-day extension of the March 17, 2017 discovery deadline. Defendants have not

responded to Plaintiff's request. *See* LRCiv 7.2(i). For good cause shown, the Court will grant Plaintiff's Motion (Doc. 70). The Court will extend the discovery deadline to April 17, 2017 and the dispositive motion deadline to May 17, 2017.

### E. Defendants' "Motion for Leave to Exceed Page Limits of Dispositive Motion or in the Alternative for Leave to File Multiple Dispositive Motions" (Doc. 77)

In their February 2, 2017 Motion (Doc. 77), Defendants request leave of the Court to either (i) file a dispositive motion that exceeds the seventeen-page limit set forth in LRCiv 7.2(e)(1) or (ii) file more than one dispositive motion. Plaintiff has not responded to Defendants' request. *See* LRCiv 7.2(i). For good cause shown, the Court will grant Defendants' Motion (Doc. 77) as follows: Defendants may file one dispositive motion that does not exceed twenty-seven pages.

### F. Plaintiff's "Motion to Appoint Counsel" (Doc. 84)

On January 26, 2017, the Court denied Plaintiff's request for the appointment of counsel. (Doc. 75). The Court has reviewed Plaintiff's "Motion to Appoint Counsel" (Doc. 84) filed on February 21, 2017. Plaintiff requests that the Court appoint counsel for the purpose of obtaining an expert opinion affidavit. Plaintiff has again failed to demonstrate a likelihood of success on the merits and has failed to show that he is experiencing difficulty in litigating this case because of the complexity of the issues involved. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("[A] court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). . . . When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'") (citations omitted). The Court determines that this case does not present exceptional circumstances requiring the appointment of counsel.[5] Further, Plaintiff has

---

[5] To clarify, district courts do not have the authority "to make coercive appointments of counsel" in pro se and *in forma pauperis* proceedings. *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989). Rather, district courts only have the discretion to request that an attorney represent an indigent civil litigant upon a showing of "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Agyeman v.*

made no showing that the evidence or claims are so complex that the appointment of a court expert is necessary or that this case presents compelling circumstances warranting the appointment of an expert. Plaintiff's "Motion to Appoint Counsel" (Doc. 84) will be denied.

## II. CONCLUSION

**IT IS ORDERED** denying Defendants' "Motion to Compel Expert Affidavit Pursuant to A.R.S. § 12-2603(D) and Motion to Stay Proceedings Pursuant to A.R.S. § 12-2603(E)" (Doc. 65).

**IT IS FURTHER ORDERED** granting Plaintiff's "Motion for Leave to File Second Amended Complaint" (Doc. 36). The Clerk of Court is directed to file the Second Amended Complaint (Doc. 36-1).

**IT IS FURTHER ORDERED** granting Plaintiff's "Motion for Leave to File Third Amended Complaint" (Doc. 62). The Clerk of Court is directed to file the Third Amended Complaint (Doc. 62-1).

**IT IS FURTHER ORDERED** that Defendants Ryan, Malachinski, McKamey, Thomas, Rojas, James, Nze, Cato, and Johnson must answer the Third Amended Complaint.

**IT IS FURTHER ORDERED** that:

1. The Clerk of Court shall send Plaintiff a service packet including the Third Amended Complaint, this Order, and a copy of the Marshal's Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request for Waiver of Service of Summons form for Defendants Nze, Cato, and Johnson.

---

*Corrections Corp. Of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

- 11 -

2. Plaintiff shall complete[6] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

3. If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Third Amended Complaint on a Defendant within 90 days of the filing of the Third Amended Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

4. The United States Marshal shall retain the Summons, a copy of the Third Amended Complaint, and a copy of this Order for future use.

5. The United States Marshal must notify Defendants Nze, Cato, and Johnson of the commencement of this action and request waiver of service of the summons pursuant to Fed. R. Civ. P. 4(d). The notice to Defendants must include a copy of this Order. The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) Personally serve copies of the Summons, Third Amended Complaint, and this Order, upon Defendants pursuant to Fed. R. Civ. P. 4(e)(2); and

(b) Within 10 days after personal service is effected, file the return of service for Defendants, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendants. The costs of service must be enumerated on the return of service form (USM-285) and

---

[6] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff shall list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Third Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendants pursuant to Fed. R. Civ. P. 4(d)(2), unless otherwise ordered by the Court.

6. **A Defendant who agrees to waive service of the Summons and Third Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

7. Defendants must answer the Third Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Fed. R. Civ. P. 12(a).

8. Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

**IT IS FURTHER ORDERED** granting Plaintiff's "Motion to Extend the Discovery Deadline" (Doc. 70). The discovery deadline is extended to April 17, 2017. The dispositive motion deadline is extended to May 17, 2017.

**IT IS FURTHER ORDERED** granting Defendants' Motion for Leave to Exceed Page Limits of Dispositive Motion or in the Alternative for Leave to File Multiple Dispositive Motions" (Doc. 77) as follows: Defendants may file one dispositive motion that does not exceed twenty-seven pages.

**IT IS FURTHER ORDERED** denying Plaintiff's "Motion to Appoint Counsel" (Doc. 84).

Dated this 24th day of February, 2017.

_____
Eileen S. Willett
United States Magistrate Judge