WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Marlin Crook,<br><br>    Plaintiff,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Defendants. | No. CV-15-02610-PHX-JAT (ESW)<br><br>**REPORT AND RECOMMENDATION AND ORDER** |

**TO THE HONORABLE JAMES A. TEILBORG, UNITED STATES DISTRICT JUDGE:**

This is a civil rights action filed pro se by state prisoner Jason Marlin Crook ("Plaintiff") pursuant to 42 U.S.C. § 1983. For the reasons discussed herein, the undersigned recommends that the Court dismiss Defendant Cato without prejudice for failure to timely serve in accordance with Federal Rule of Civil Procedure 4(m) and grant Plaintiff's "Motion to Dismiss a Defendant without Prejudice" (Doc. 213). The undersigned will also grant in part "Defendants' Motion to Strike Plaintiff's Sur-Reply to Defendant's [sic] Reply in Support of Motion for Summary Judgment (Dkt. #214)" (Doc. 215) for the reasons set forth herein and deny without prejudice Plaintiff's Motion in Limine (Doc. 218) as premature.

## I. DISCUSSION

**(A.) "Motion to Dismiss a Defendant without Prejudice" (Doc. 213)**

By screening order filed February 27, 2017, the Court ordered Defendant Cato to answer Plaintiff's Third Amended Complaint (Doc. 87 at 11). The United States Marshal's Service ("USMS") returned service unexecuted as to Defendant Cato on May 4, 2017, noting that Defendant Cato no longer resided at the address provided (Doc. 117). The Court extended the service deadline for Defendant Cato to July 18, 2017 (Doc. 130 at 4). On November 27, 2017, the Court ordered Plaintiff to show cause why Defendant Cato should not be dismissed from this action for failure to serve pursuant to Federal Rule of Civil Procedure 4(m) and Local Rule of Civil Procedure 16.2(b)(2)(B)(ii). (Doc. 211). On December 12, 2017, Plaintiff filed "Motion to Dismiss a Defendant without Prejudice" (Doc. 213), requesting that the Court dismiss Defendant Cato from the lawsuit because Plaintiff was unable to serve Defendant Cato despite all efforts to find Defendant Cato. No response was filed to the Motion to Dismiss.

Under Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*.

As the Ninth Circuit Court of Appeals has explained, "Rule 4(m) requires a two-step analysis in deciding whether or not to extend the prescribed time period for the service of a complaint." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (citing Fed. R. Civ. P. 4(m) and *Petrucelli v. Bohringer & Ratzinger, GMBH*, 46 F.3d 1298, 1305 (3d Cir. 1995)). "First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *Id.* The Ninth Circuit has found it "unnecessary, however, to articulate a specific test that a court must apply in exercising its discretion under Rule 4(m)," noting "only that, under the terms of the rule, the court's discretion is broad." *Id*. at 513. Yet "no court has ruled that the discretion is limitless. In making extension decisions under Rule 4(m) a district court

*may* consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (emphasis added).

If a pro se prisoner proceeding *in forma pauperis* has provided to the USMS sufficient information to effectuate service on a defendant, the USMS' failure to effect service is "automatically good cause" to extend the service deadline. *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Sellers v. United States,* 902 F.2d 598, 603 (7th Cir. 1990)), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). But where a prisoner fails to provide the USMS with accurate and sufficient information to effect service of the summons and complaint, a court's sua sponte dismissal of the unserved defendant(s) is appropriate. *Id*.

In this case, the Court has extended the time for Plaintiff to serve Defendant Cato. Plaintiff nevertheless has been unable to locate Defendant Cato. It is not the Court's role to assist in obtaining Defendant Cato's address. *See Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007) ("A district court lacks the power to act as a party's lawyer, even for *pro se* litigants."); *Pliler v. Ford*, 542 U.S. 225, 231 (2004) (federal "judges have no obligation to act as counsel or paralegal to *pro se* litigants") (italics in original); *Barnes v. United States,* 241 F.2d 252 (9th Cir. 1956) (noting pro se litigant does not have rights that a represented litigant does not have). In response to the Court's Order to Show Cause, Plaintiff requests dismissal of all claims against Defendant Cato without prejudice. Dismissal without prejudice is appropriate under these circumstances. The undersigned recommends that the Court grant Plaintiff's "Motion to Dismiss a Defendant without Prejudice" (Doc. 213).

**(B.) "Motion to Strike Plaintiff's Sur-Reply to Defendant's [sic] Reply in Support of Motion for Summary Judgment (Dkt.# 124)" (Doc. 215)**

Defendants filed a Motion for Summary Judgment (Docs. 197, 198) to which Plaintiff responded (Docs. 207, 208) and Defendants replied (Doc. 212). Plaintiff thereafter filed "Plaintiff's Response to the Defendant's Reply to Plaintiff's Response to

| | |
|---|---|
| 1 | Defendants Motion for Summary Judgment" (Doc. 214). Defendants move to strike this |
| 2 | document as an unauthorized sur-reply. Plaintiff objects on the basis of new information |
| 3 | presented in the Reply (Doc. 212), specifically "several requests to have stricken from |
| 4 | record declarations . . . exhibit case reference . . . and medical reference exhibits . . . . |
| 5 | (Doc. 216 at 1). "Plaintiff's Response to the Defendant's Reply to Plaintiff's Response to |
| 6 | Defendants Motion for Summary Judgment" (Doc. 214) is deemed a sur-reply. The |
| 7 | Court has discretion to permit the filing of a sur-reply. In determining whether to allow a |
| 8 | sur-reply, a "district court should consider whether the movant's reply in fact raises |
| 9 | arguments or issues for the first time, whether the nonmovant's proposed surreply would |
| 10 | be helpful to the resolution of the pending motion, and whether the movant would be |
| 11 | unduly prejudiced were leave to be granted." *Doe v. Exxon Mobil Corporation*, 69 F. |
| 12 | Supp. 3d 75, 85 (D.D.C. 2014) (citation and internal quotation marks omitted). |
| 13 | Defendants state the following in their Reply: |

> Mr. Crook relies on an Eastern District of Pennsylvania class action compliant. It is hearsay and should be stricken. Mr. Crook provides fellow inmate Declarations, suspiciously written in the same slanted fashion, which are incompetent to show whether Mr. Crook's Hepatitis C has progressed to a stage warranting consideration for Harvoni treatment and, therefore, should be stricken.

| | |
|---|---|
| 19 | (Doc. 212 at 11) (footnotes and citations to the record omitted). Defendants have added a |
| 20 | motion to strike, denoted as "Other Matters" in the Reply. They have raised a new issue |
| 21 | which Plaintiff addresses on page four, paragraphs three through five of his Sur-Reply |
| 22 | (Doc. 214 at 4). The Court will strike pages one through three of the Sur-Reply (Doc. |
| 23 | 214) as unauthorized, but allow pages four and five to be considered by the Court as a |
| 24 | Sur-Reply. However, no further briefing is necessary or authorized on the Motion for |
| 25 | Summary Judgment and Defendants' added motion to strike delineated "Other Matters" |
| 26 | contained therein. |
| 27 | **(C.) Motion in Limine (Doc. 218)** |

In his Motion in Limine Plaintiff seeks an order from the Court prohibiting the use at trial of information provided by Defendants in their Fifth Supplemental Disclosure Statement regarding Plaintiff's "master prison file" and "criminal records" (Doc. 218 at 1). The Court has not yet ruled on Defendants' Motion for Summary Judgment. If issues remain after the Court's ruling on Defendants' Motion for Summary Judgment, the Court will issue an order setting a final pretrial conference which will instruct the parties on the Court's process for receipt of motions in limine. Plaintiff's Motion in Limine (Doc. 218) will be denied without prejudice as it is premature.

## II. CONCLUSION

Based on the foregoing,

**IT IS RECOMMENDED** that Court grant Plaintiff's "Motion to Dismiss a Defendant without Prejudice" (Doc. 213).

**IT IS FURTHER RECOMMENDED** that the Court dismiss without prejudice Defendant Cato from Plaintiff's Third Amended Complaint (Doc. 89) for failure to serve pursuant to Fed. R. Civ. P. 4(m).

This Report and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See United States*

*v.Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143,1146-47 (9th Cir. 2007).

**IT IS ORDERED** granting in part and denying in part, as set forth herein, Defendants' "Motion to Strike Plaintiff's Sur-Reply to Defendant's [sic] Reply in Support of Motion for Summary Judgment (Dkt.#214)" (Doc. 215).

**IT IS FURTHER ORDERED** denying without prejudice Plaintiff's Motion in Limine (Doc. 218) as premature.

Dated this 5th day of March, 2018.

Honorable Eileen S. Willett
United States Magistrate Judge